UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGEY ALEYNIKOV, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL McSWAIN, et al., <br><br> Defendants. | Civ. No. 15-1170 (KM) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the court on the motion of defendant Michael McSwain to amend my decision of June 15, 2016 (ECF nos. 38, 39), pursuant to Rule 59(e), Fed. R. Civ. P. I will not tarry over the issue of whether this is properly considered a motion to amend judgment under that rule; if that is not the appropriate vehicle, then a motion for reconsideration under Local Rule 7.1(e) would be, and I would excuse its untimeliness. The thrust of McSwain's argument is that the court should have dismissed, not stayed, Counts 5–10. By failing to do so, he argues, the Court, having granted qualified immunity as to Counts 1–4, effectively denied his right to qualified immunity as to Counts 5–10.

McSwain is correct that I denied his motion to dismiss without reaching the merits of Counts 5–10. It is also true that qualified immunity should be addressed early. That is not, however, a rigid rule that robs the court of discretion to enter a stay in an appropriate case. Rather, it is a more flexible command that defendants entitled to qualified immunity should not be subjected to the burdens of litigation:

1

> Because qualified immunity bestows immunity from suit, the Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). The Supreme Court has admonished that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." [quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)].

*Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006). *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985).

It was practicable to address qualified immunity as to Counts 1–4, and I did so. It was not practicable to address qualified immunity as to Counts 5–10, and I therefore stayed them. In doing so, I honored the principle that the case should not move forward to discovery or the merits unless and until qualified immunity is denied.

I stayed Counts 5–10 in response to defendants' urging that, although Aleynikov had been acquitted of the state criminal charges, that acquittal should not be treated as "final" for purposes of malicious prosecution because the State's appeal was pending. That proposition is by no means obvious. For res judicata purposes, for example, New York treats a trial court judgment as final, despite the pendency of an appeal. *See, e.g., CVR Energy, Inc. v. Wachtell*, No. 14-CV-6566(RJS), 2016 WL 1271686, at *4 (S.D.N.Y. Mar. 29, 2016); *Antonious v. Muhammad*, 873 F. Supp. 817, 824 (S.D.N.Y. 1995), *aff'd*, 8 F. App'x 78 (2d Cir. 2001). As things stand today, Aleynikov has prevailed and has arguably fulfilled the finality prerequisite for a malicious prosecution action.

As I explained in my earlier opinion, however, I stayed Counts 5–10 for practical reasons. To go forward would create precisely the risk of inconsistent determinations that is the rationale for the favorable-termination requirement. *Cf. Heck v. Humphrey*, 512 U.S. 477, 484, 114 S. Ct. 2364 (1994). As I discussed in my earlier opinion, under one appellate scenario, Aleynikov may be foreclosed from asserting a claim at all. Under another, he may be entitled to go forward. Also possible are mixed outcomes that will require a ruling as to

whether there was a favorable termination. (*See* ECF no. 38 at 27.) The situation is in flux, and the eventual resolution may have a fundamental effect on the viability of any claim. Any rulings in the interim would be to some degree provisional and hypothetical. Thus a stay seemed the better course.

In *Linnen v. Armainis*, 991 F.2d 1102 (3d Cir. 1993), for example, a criminal defendant brought a § 1983 civil rights action based on the State's allegedly unconstitutional search and seizure of his property as evidence in his criminal prosecution. In post-conviction relief proceedings in the criminal case, he challenged the search (indirectly, *via* a claim that counsel was ineffective for failing to have the evidence suppressed). The state court had denied the PCR petition, but an appeal was pending. The Third Circuit reversed the district court's entry of summary judgment for the police in the § 1983 action. It directed the district court to stay the § 1983 action pending the outcome of the appeal. *Id.* at 1107 (noting a "preference for holding federal civil rights claims in abeyance until state appellate proceedings that may affect the outcome of the federal action are decided"). *See also Herrera v. City of New Brunswick*, Civ. No. 04-3002, 2008 WL 305275, at *9 (D.N.J. Feb. 1, 2008)(staying § 1983 malicious prosecution claim pending the outcome of defendant's appeal of her conviction).

*Kossler v. Cristani*, 564 F.3d 181, 187 (3d Cir. 2009), discussed in my earlier opinion, is not to the contrary. *Kossler* does not address the issue of whether dismissal, rather than a stay, is the proper course when the viability of a federal claim may depend on the outcome of a pending state appeal.

I will, however, clarify in one respect. McSwain is concerned that he may have lost his opportunity to assert his qualified immunity defense and his substantive legal objections to Counts 5–10 as pled. That was not my intent; the motion to dismiss was denied in the sense of "not granted," but I did not intend to prejudice renewal of the motion if and when the stay is lifted. I do not foreclose McSwain's arguments; I merely await the outcome of the State criminal appeal.

For what it is worth, Aleynikov appears to agree. To remove doubt, however, my prior order will be amended to clarify that the motion to dismiss Counts 5–10 is not denied outright, but administratively terminated, without prejudice to renewal in light of the outcome of the State criminal appeal and/or the lifting of the stay. To be clear, this is not a dismissal on the merits or a denial of qualified immunity. Those issues are simply postponed while the stay is in effect. During the pendency of the stay, as contemplated by *Thomas, supra,* and *Mitchell, supra,* defendant will not be put to the burden of litigating these claims.

## CONCLUSION

For the foregoing reasons, the Order (ECF no. 39) is amended to clarify that the motion to dismiss (ECF no. 13), insofar as it addresses Counts 5–10, is administratively terminated, without prejudice to renewal as appropriate after the lifting of the stay. An amended order is filed herewith.

Dated: September 22, 2016
Newark, New Jersey

_____
**KEVIN MCNULTY**
**United States District Judge**