UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGEY ALEYNIKOV,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL McSWAIN, et al.,<br><br>Defendants. | Civ. No. 15-1170 (KM)<br><br>**MEMORANDUM OPINION &<br>ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

Defendant Michael McSwain seeks to dissolve the current stay of this litigation so that he may further pursue a motion to dismiss. Plaintiff Sergei Aleynikov asks that the stay remain in place while he pursues further post-trial motions in connection with his criminal conviction in New York.

On June 15, 2016, I entered an Order (ECF no. 38) and Opinion (ECF no. 39) granting the motion to dismiss Counts 1 through 5 and part of Count 10, and staying litigation of the remaining counts "pending resolution of the appeal in state court."

On September 22, 2016, I filed an Opinion (ECF no. 52) and Order (ECF no. 53) clarifying that the pending motion to dismiss was administratively terminated without prejudice to reassertion of all issues therein, including qualified immunity, after the lifting of the stay.

On January 24, 2017, the New York Appellate Division reversed the trial judge's order of dismissal (*i.e.*, restored the conviction). (ECF no. 55-1) Counsel for Aleynikov expressed an intention to pursue the appeal further. The Hon.

1

Michael A. Hammer, U.S.M.J., continued the stay "until further order of the Court." (ECF no. 56)[1]

The New York Court of Appeals granted leave to appeal from the Appellate Division's decision. On May 3, 2018, it affirmed the Appellate Division's decision. *People v. Aleynikov,* No. 47, __ N.E.3d __, 2018 WL 2048707 (May 3, 2018). Its opinion construed a New York criminal statute to encompass the acts charged and proven at trial.

This matter comes before the Court on the letter application of defendant Michael McSwain (ECF no. 57) to dissolve the stay. The reason for the stay, he urges, no longer exists; Aleynikov's challenge to his conviction has been rejected by the State's highest court. That means, says McSwain, that there must have been probable cause for the prosecution and that Aleynikov cannot satisfy the "favorable termination" element of a malicious prosecution claim. Because qualified immunity issues should be decided at the earliest possible stage of the litigation, he says, the time to litigate his motion to dismiss is now.

In opposition (ECF no. 58), Aleynikov of course acknowledges the Court of Appeals' decision. He states, however, that he intends to bring challenges to his conviction aside from the statutory-interpretation issue decided on appeal. In particular, he will now move in the trial court to set aside the verdict based on claims of *res judicata* and an alleged defect in the jury instructions in light of the Court of Appeals' now-definitive statement of the law. Thus, he says, the stay should remain in place.

I am persuaded that the stay should continue. It is true, as McSwain says, that qualified immunity issues should be resolved "at the earliest possible stage in litigation." *Wood v. Moss,* 134 S. Ct. 2056, 2065 n.4 (2014) (citations omitted). On that score, however, I reiterate the analysis in my earlier Opinion (ECF no. 52):

---

[1] Both sides cite the language of the earlier stay order "pending resolution of the appeal in state court." I here note, however, that Judge Hammer's superseding continuation of the stay was "until further order of the Court."

2

It is also true that qualified immunity should be addressed early. That is not, however, a rigid rule that robs the court of discretion to enter a stay in an appropriate case. Rather, it is a more flexible command that defendants entitled to qualified immunity should not be subjected to the burdens of litigation:

> Because qualified immunity bestows immunity from suit, the Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L.Ed.2d 589 (1991). The Supreme Court has admonished that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." [quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)].

*Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006). *See also Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985).

It was practicable to address qualified immunity as to Counts 1–4, and I did so. It was not practicable to address qualified immunity as to Counts 5–10, and I therefore stayed them. In doing so, I honored the principle that the case should not move forward to discovery or the merits before qualified immunity has been considered.

Although, as McSwain says, considerable time has passed, we are still at the same "stage in litigation," and "discovery [has not been] allowed." *See Thomas, supra,* quoting *Hunter, supra*. The stay has frozen the case at the motion to dismiss stage. McSwain has not been subjected to the burden of litigation or even of responding to discovery. And indeed, he has little to complain of. Although he initially opposed the stay, while it has been pending his litigation position has only improved.

Technicalities of "finality" aside, my earlier opinions noted the reversals of fortune in the criminal case. To deny a stay would have created precisely the risk of inconsistent determinations that is the rationale for the favorable-termination requirement itself. *Cf. Heck v. Humphrey*, 512 U.S. 477, 484, 114 S. Ct. 2364 (1994). In short, the situation was in flux, and I wished to avoid a provisional ruling that would be undercut by later developments. *See Linnen v.*

*Armainis*, 991 F.2d 1102, 1107 (3d Cir. 1993) (staying civil case pending outcome of appeal from denial of PCR based on ineffective assistance of counsel, noting a "preference for holding federal civil rights claims in abeyance until state appellate proceedings that may affect the outcome of the federal action are decided"). *See also Herrera v. City of New Brunswick*, Civ. No. 04-3002, 2008 WL 305275, at *9 (D.N.J. Feb. 1, 2008) (staying § 1983 malicious prosecution claim pending the outcome of defendant's appeal of her conviction).

The same considerations point in the direction of continuation of the stay now.[2] Neither side has provided a basis for a careful assessment of Aleynikov's chances of success on his remaining challenges. (Aleynikov at least briefly describes the legal grounds for his challenges; McSwain merely says his chances are "infinitesimal.") In any event, however, caution is called for. Should I vacate the stay and grant the motion dismiss now, a subsequent ruling in Aleynikov's favor would potentially undercut the entire basis for that ruling. The potential damage to Aleynikov, and to the judiciary system's public interest in consistent adjudications, is apparent. On the other hand, should I continue the stay, the burden on McSwain would consist solely of the bare pendency of this action; he is not called upon to do anything in this litigation, and his rights are preserved. Should the New York courts enter a ruling adverse to Aleynikov, as McSwain predicts, then McSwain's position will only have been enhanced.

---

[2] I take as a guide the traditional equitable factors: probability of success on the merits; irreparable harm if the stay is denied; harm to the opposing party; and the public interest.

4

**ORDER**

ACCORDINGLY, IT IS this 9th day of May, 2018

ORDERED that the application to dissolve the stay (ECF no. 57) is DENIED. The stay of this action currently in effect (see ECF nos. 38, 53, 56) shall remain in effect until further order of the Court.

*[signature]*

**KEVIN MCNULTY**
**United States District Judge**